# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cr. ID. No. 0002019767 |
| KUSHAL SHAH, f/k/a | ) | |
| GERRON M. LINDSEY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 17, 2018
Decided: March 7, 2019

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## ORDER

This 7th day of March 2019, the Court has considered the Commissioner's

Report and Recommendation, Defendant's Motion for Postconviction Relief,

Defendant's Objections to the Commissioner's Findings of Fact and

Recommendations, and the relevant proceedings below.

On June 14, 2018, Defendant Kushal Shah filed his twelfth *pro se* motion for

postconviction relief. The motion was referred to a Superior Court Commissioner

1

in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Findings of Fact and Recommendations on December 5, 2018. The Commissioner recommended that Defendant's Motion for Postconviction Relief be denied.

"Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[1] Defendant Shah filed written objections on December 17, 2018. Upon review, the Court finds Defendant's objections to be without merit.

In Defendant's Rule 61 motion, he argues that he saw a picture of an individual named Caro Spearman in the newspaper, whom he learned is a police officer and "realized that Caro Spearman was identified as the shooter in his live lineup." Defendant argues that he had ineffective assistance of counsel because counsel should have investigated the erroneous identification. Defendant also filed a Motion for Appointment of Counsel within this current Motion. On July 31, 2018, Defendant filed a Motion to Amend Petition for Postconviction Relief. In the amendment, Defendant argues the United States Supreme Court's decision in *Lee v. United States*[2] applies retroactively to his case, specifically his first and eighth motions for postconviction relief.

---

[1] Super. Ct. Crim. R. 62(a)(5)(ii).
[2] 137 S. Ct. 1958 (2017).

This is Defendant's twelfth motion for postconviction relief. "A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."[3] "If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[4]

Defendant has not raised anything new or recently discovered, and Defendant's challenge to the lineup was waived. Prior to entering into the plea, Defendant was aware that the victim was unable to make a positive identification from the photographic line-up. Although Defendant learned later that Spearman was a police officer, Defendant was previously aware that the "Second Witness" that viewed the line-up identified the person in "Position 4" (Spearman) and not

---

[3] Super. Ct. Crim. R. 61(d)(2).
[4] Super. Ct. Crim. R. 61(d)(5).

Defendant. Any claims not previously asserted, despite many opportunities to do so, are now deemed waived pursuant to Super. Ct. Crim. R. 61(i)(3). Defendant has neither established cause for his failure to raise these claims sooner nor prejudice from a violation of his rights.[5]

Defendant's motion is untimely because it has been filed sixteen years after his conviction became final. Defendant's twelfth motion is procedurally barred by Super. Ct. Crim. R. 61(i) for having been filed more than one year after the conviction became final.

"The judge may appoint counsel for any other first postconviction motion only if the judge determines that: (i) the motion is an indigent movant's first timely postconviction motion and request for appointment of counsel; (ii) the motion seeks to set aside a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel; (iv) the motion sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or the Delaware Constitution; (v) granting the motion would result in vacatur of the judgment of conviction for

---

[5] Super. Ct. Crim. R. 61(i)(3)(A) & (B).

4

which the movant is in custody; and (vi) specific exceptional circumstances warrant the appointment of counsel."[6]

This is not Defendants' first motion for postconviction relief, nor was it timely filed. Defendant did not seek appellate review of his conviction and no exceptional circumstances were presented to warrant appointment of counsel.

The Court holds that the Commissioner's Report and Recommendation dated December 5, 2018, should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[7]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety. Defendant's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[6] Super. Ct. Crim. R. 61(e)(3).
[7] Super. Ct. Crim. R. 62(a)(4)(iv).

5